NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CESAR A. DELAROSA,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2015-3074

---

Petition for review of the Merit Systems Protection Board in No. SF-0831-14-0602-I-1.

---

Decided: June 4, 2015

---

CESAR A. DELAROSA, Sto. Tomas, La Union Philippines, pro se.

VERONICA NICOLE ONYEMA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., DEBORAH A. BYNUM.

---

Before REYNA, CLEVENGER, and WALLACH, *Circuit Judges.*

PER CURIAM.

Cesar A. Delarosa appeals the Merit Systems Protection Board's ("Board") final order of January 15, 2015, denying him the opportunity to redeposit his refunded retirement deductions. Because Mr. Delarosa is not an employee eligible to redeposit retirement deductions, we *affirm*.

I

Cesar A. Delarosa was employed by the United States Navy in various civilian positions between 1981 and 1988. During that employment, he was subject to the Civil Service Retirement System ("CSRS"). In 1988, he retired from federal employment, and at that time he applied for a refund of the retirement contributions he had made during his service. He received the refund in two disbursements in 1989. In 1999, the Office of Personnel Management ("OPM") informed Mr. Delarosa that he may be entitled to an additional refund. He applied for and received that refund as well.

In 2013, Mr. Delarosa filed an application for deferred retirement annuity with OPM. OPM denied the application, because Mr. Delarosa had withdrawn his retirement deductions. Then in 2014, Mr. Delarosa wrote to OPM, seeking to redeposit his refunded retirement contributions. OPM informed Mr. Delarosa that he was not eligible to redeposit refunded contributions unless he was reemployed by the federal government. When it denied this request, OPM also sent correspondence to Mr. Delarosa reminding him that—at the time he requested the refund—he signed a statement acknowledging:

> If you have more than five years of service you may be entitled to annuity rights which will be forfeited by payment of this refund unless you are

later reemployed subject to the Civil Service Retirement law.

Mr. Delarosa appealed this decision to the Board. In the context of that appeal, OPM discovered a $46.11 balance remaining in Mr. Delarosa's retirement account. OPM informed Mr. Delarosa and the Board about this balance, and has indicated that it will return the $46.11 once this appeal is final.

In the Board's initial decision, the administrative law judge determined that Mr. Delarosa was not entitled to redeposit retirement funds. The judge reasoned that Mr. Delarosa is not an employee under the relevant statutory definition, and is therefore ineligible to make such a deposit. The Board's final order similarly denied Mr. Delarosa's request. He appeals the Board decision. For the reasons below, we affirm.

## II

This court affirms the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); *Tunik v. Merit Sys. Prot. Bd.*, 407 F.3d 1326, 1330 (Fed. Cir. 2005).

An *employee* who received a refund of retirement deductions is allowed to redeposit that amount, with interest. 5 U.S.C. § 8334(d)(1). The statute explicitly limits this right of redeposit to employees, and Mr. Delarosa does not qualify as an employee. The relevant regulation, 5 C.F.R. § 831.112(a), provides alternate definitions for "employee" as used in 5 U.S.C. § 8334(d)(1). Because Mr. Delarosa does not meet either regulatory definition, we agree with the Board that he is not eligible to redeposit his retirement deductions.

First, the regulation provides that someone who is "currently employed in a position subject to the civil service retirement law" is an *employee*. 5 C.F.R. § 831.112(a)(1) (2015). There is no dispute that Mr. Delarosa is not currently employed in such a position.

Second, a former employee may also be an *employee* eligible to make a redeposit, but only if he or she "retains civil service retirement annuity rights." 5 C.F.R. § 831.112(a)(2). Though Mr. Delarosa is a former employee, he does not retain annuity rights and therefore does not satisfy this second definition of "employee."

Mr. Delarosa's annuity rights were voided when he received the refund payment for his retirement deductions. 5 U.S.C. § 8342. The statute provides that he was entitled to receive a payment of lump-sum credit (the refund of his retirement deductions). *Id.* But that also entails cancelling his annuity rights. *Id.* And when Mr. Delarosa requested his retirement deductions, he was informed that he would forfeit annuity rights upon payment of the refund.

Mr. Delarosa argues that he did not void his annuity rights, and therefore is an eligible former employee, because there is still $46.11 left in his retirement account. But that $46.11 balance does not save his annuity rights. OPM has reasonably interpreted the lump-sum credit statute to mean that, when an employee requests a refund "the employee is to be paid all of his retirement contributions, as well as all the interest payable with respect to those contributions, for his entire period of service." *Conway v. Office of Personnel Management*, 59 M.S.P.R. 405,409 (1993). Employees are not entitled to withdrawal a fraction of their retirement account, and preserve annuity rights. *See id.* The request for a lump-sum credit is a request for a full refund of retirement deductions, and on receipt of payment annuity rights are extinguished. Because an employee cannot request a

partial refund and retain annuity rights, it reasonably follows that—where an employee requests a full refund, but a balance remains leftover in his or her retirement account—that employee similarly has not preserved annuity rights.

## III

Because both the Board and OPM correctly concluded that Mr. Delarosa is not an employee within the definition at 5 C.F.R. § 831.112(a), and he is therefore not eligible to redeposit refunded retirement deductions under 5 U.S.C. § 8334(d), the decision of the Board is *affirmed*.

**AFFIRMED**

Costs

Each side shall bear its own costs.